**Lester E. PATRICK, Plaintiff—Appellant,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Defendant–Appellee.**

**No. 05–16984.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 2, 2008.

Lester E. Patrick, Stockton, CA, for Plaintiff–Appellant.

Joseph E. Maloney, Esq., Bobbie Montoya, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Lester E. Patrick appeals pro se from the district court's order denying his motion for a new trial following a jury verdict in favor of the Department of Veterans Affairs, in his action alleging race discrimination in a promotion decision. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of a motion for a new trial, *Sanghvi v. City of Claremont*, 328 F.3d 532, 536 (9th Cir. 2003), and we affirm.

Patrick contends that he is entitled to a new trial because the verdict was based on perjured testimony and there were numerous inconsistencies in the testimony offered by defendant. Patrick failed to raise many of these issues before the district court, and therefore waived them on appeal. *See A–1 Ambulance Service, Inc. v. County of Monterey*, 90 F.3d 333, 338 (9th Cir.1996). To the extent Patrick did not waive, his contentions fail because credibility is an issue for the jury and is not generally subject to appellate review. *See Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1452 (9th Cir.1995) ("The credibility of witnesses and the weight of the evidence are issues for the jury and are not subject to appellate review.").

Patrick contends that the evidence in his favor outweighed the verdict, but he failed to address the evidence in support of defendant's arguments. The district court

did not abuse its discretion when it found that the verdict was not against the weight of the evidence. *See Desrosiers v. Flight Intern. of Florida Inc.*, 156 F.3d 952, 957 (9th Cir.1998) ("[W]e reverse for a clear abuse of discretion only where there is an absolute absence of evidence to support the jury's verdict.").

Patrick contends that the jury was not properly charged, but he failed to object to the instructions before the jury retired. *See Grosvenor Props. Ltd. v. Southmark Corp.*, 896 F.2d 1149, 1152 (9th Cir.1990) ("Federal Rule of Civil Procedure 51 states that no party may assign as error the giving or failure to give an instruction unless that party specifically objects to that instruction before the jury retires.").

Patrick's remaining contentions, including those regarding alleged juror confusion, the brevity of the deliberations, and entitlement to a 12–member jury, are not persuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.